**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| ROBERTO and YVETTE ZURITA | ) | Bankruptcy No. 09 B 34816 |
| Debtor. | ) | |
| | ) | |
| ROBERTO and YVETTE ZURITA | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 10 A 00093 |
| | ) | |
| GREEN TREE SERVICING LLC, | ) | |
| Defendant. | ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Following signing of a default order, and pursuant to the allegations of the Complaint herein and the Debtors' Declarations under penalty of perjury, the following Findings of Fact and Conclusions of Law are made and will be entered:

**FINDINGS OF FACT**

1. The Debtors, Roberto and Yvette Zurita, filed this Chapter 13 on September 21, 2009. The Debtors own their home at 5722 South Natoma Avenue, Chicago, Illinois, as joint tenants. The Debtors scheduled the value of their residence at $305,000. The home is subject to a first mortgage in favor of HSBC Mortgage and a junior mortgage in favor of Green Tree Servicing, LLC.

2. The Debtors scheduled the amount of the HSBC Mortgage secured claim in the amount of $375,000, and the amount of the Green Tree claim in the amount of $40,000.

3. The lien of HSBC Mortgage is first in priority and the lien of Green Tree Servicing, LLC, is second in priority.

4. On March 22, 2010, the Debtors filed a Modified Chapter 13 Plan (the "Plan"). The Plan provides for payment by the Debtors to the Trustee of $370 per month for four months and $217 per month for 56 months; payment of secured claims in full and a 10% dividend to general unsecured creditors; and payment of the first mortgage of $2,666 per month directly by the Debtors to HSBC Mortgage. The Plan provides the following provision specifically dealing with the claim of Joseph and Martha Coakley:

> "The mortgage of Green Tree Servicing, LLC, is wholly unsecured and this plan treats the claim of Green Tree as fully unsecured. The Debtors do not intend to make any payments on the Green Tree mortgage and this plan provides for no payment on Green Tree's secured claim. Green Tree's claim will be paid 10% as a general unsecured claim under Paragraph E.8."

5. On March 23, 2010, the Plaintiffs presented a motion for entry of default judgment. The motion was accompanied by a declaration, under penalty of perjury, by Roberto Zurita, establishing the value of his residence and the amount due on the first mortgage to HSBC Mortgage.

6. The secured claim of HSBC Mortgage, in an amount of at least $375,000, exhausts the equity in the Debtors' residence, and there is no equity to support the claim of Green Tree Servicing, LLC.

## CONCLUSIONS OF LAW

1. The claim of HSBC Mortgage, in an amount of at least $375,000, is secured by a first priority lien in the Debtor's residence.

2. The mortgage of Green Tree Servicing, LLC, in the Debtors' residence is second in priority, junior to the lien of HSBC Mortgage.

3. As there is no equity to support the second priority lien of Green Tree Servicing, LLC, the said creditor's claim is not a claim secured solely by a security interest in the Debtors' principal

residence, as that term is used in Section 1322(b) of the Bankruptcy Code, and the Debtors' Plan may legitimately modify the rights of that creditor.

4. The Court's conclusion, that a bankruptcy court has the authority to strip off and nullify a wholly unsecured junior mortgage, is the majority position among courts that have addressed the question, and is supported by First Bank, Inc. v. Van Wie, 2003 WL 1563959 (S.D. Ind., 2003), which holds as follows:

> "[T]he clear weight of appellate authority favors the bankruptcy court's authority to strip off a wholly unsecured junior mortgage. See In re Bartee, 212 F.3d 277, 288-89 and nn. 15-18 (5th Cir. 2000) (collecting cases and citing treatises on both sides of the issue). The majority hold "that the antimodifcation exception is triggered only where there is sufficient value in the underlying collateral to cover some portion of the creditor's claim." In re Pond, 252 F.3d 122 (2d Cir. 2001). The seven federal circuits or circuit bankruptcy appellate panels to rule on the question have adopted the majority position. The Seventh Circuit has yet to decide the question. Among the three published decisions within this circuit, one bankruptcy court, In re Waters, 276 B.R. 879 (Bankr. N.D. Ill. 2002), and one district court, In re Holloway, 2001 WL 1249053 (N.D. Ill. 2001), adopted the majority view, and one bankruptcy court, In re Barnes, 207 B.R. 588 (Bankr. N.D. Ill. 1997), adopted the minority view that even wholly unsecured junior mortgages are protected by § 1322(b)(2)."

First Bank, Inc. v. Van Wie, 2003 WL 1563959, p.3.

5. Therefore, a judgment will be entered separately, which will establish that there is no equity to support the second priority lien of Green Tree Servicing, LLC, and which will approve the portion of Section G of the Debtors' Plan providing for treatment of the said creator's claim, conditional on Plan confirmation, its completion, and entry of Debtors' discharge.

ENTER:

_____
Jack B. Schmetterer
United States Bankruptcy Judge

Entered this _____ day of April 2010.
**APR 2 8 2010**

- 3 -